UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFREY MIRE,

    Plaintiff,

-vs-                                  CASE NO.:

GULF COAST COLLECTIONS
BUREAU, INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, Jeffrey Mire (hereinafter "Plaintiff"), by and through the undersigned counsel, and sues Defendant, GULF COAST COLLECTIONS BUREAU, INC. (hereinafter "Gulf Coast"), and in support thereof respectfully alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Florida Statute § 559.72 *et. seq.* ("FCCPA").

## INTRODUCTION

1. The FDCPA was enacted to enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). The statute provides for civil liability for a wide range of abusive actions, including, but not limited to, the

false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

2. There is only one affirmative defense to a liability for a violation of the FDCPA, the "bona fide error" defense. 15 U.S.C. § 1692k(c). *See Tourgeman v. Collins Financial Services, Inc.*, 197 F. Supp. 3d 1222, 1225 (S.D. Cal. 2016).

3. The bona fide error defense applies only to procedural or clerical errors. It does not excuse mistakes of law – i.e., "violations resulting from a debt collector's mistake interpretation of the legal requirements of the FDCPA." *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010). To take advantage of this defense, the defendant must show by the preponderance of the evidence that its violation of the Act was not intentional, was a bona fide error, and occurred despite the maintenance of procedures reasonably adapted to avoid any such error. *Edwards v. Niagara Credit Solutions, Inc.* 584 F. 3d 1350, 1352-53 (11th Cir. 2009)

4. The FDCPA is a strict liability statute and, therefore, does not require a showing of intentional conduct on the part of a debt collector. *Rivera v. Amalgamated Debt Collection Services*, 462 F. Supp. 2d 1223 (S.D. Fla. 2006). Further, a single violation of the statute is sufficient to establish civil liability.

5. The Eleventh Circuit Court of Appeals has adopted the "least sophisticated consumer" standard to analyze claims of deceptions or

misrepresentation under section 1692e. *Jeter v. Credit Bureau, Inc.*, 760 F. 2d 1168, 1175 (11th Cir. 1985). This objective standard analyzes whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices. *Id.* At 1175-76.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce …"), and 15 U.S.C. § 1692k (An action to enforce any liability created by this subchapter may be brought in any appropriate United States district Court without regard to the amount in controversy, …").

7. The alleged violations described herein occurred in Clay County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Clay County, Florida.

9. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3) and Florida Statute 559.55(8).

10. Defendant, Gulf Coast, is a corporation with its principal place of business located at 5630 Marquesas Cir, Sarasota, FL 34233 and which conducts business in the State of Florida through its registered agent, Jack Will Brown located at 5630 Marquesas Cir, Sarasota, FL 34233.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6) and Florida Statute § 559.55(7).

12. The debt that is the subject matter of this complaint is a "consumer debt" as defined by U.S.C. § 1692(a)(5) and Florida Statute §559.55(6).

13. Defendant, through the mailing of debt collection letters, regularly attempts to collect "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. On or about April 1, 2020, Plaintiff was injured in a work-related accident which required medical treatment or services.

15. A portion of such necessary medical treatment or services was provided by Lee Memorial Health System.

16. From the initial time in which Plaintiff went to the hospital and all times henceforth, Lee Memorial Health System, and therefore Gulf Coast were fully aware this was a worker's compensation situation.

17. Under Fla. Stat. § 440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require." *Ascension Benefits v. Robinson*, 232 So. 3d 1178, 1180 (Fla. Dist. Ct. App. 2017).

18. Additionally, under Fla. Stat. § 440.13(14)(a), Florida Statutes (2006), "a health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have resource against the employer or carrier for payment for services rendered in accordance with this chapter." *See Avalon Center v. Hardaway*, 967 So. 2d 268, 274 (Fla. Dist. Ct. App. 2007)).

19. Furthermore, in accord with these statutes, an employee is shielded from liability in any dispute between the employer or carrier and health care provider (as is the case here) regarding reimbursement for the employee's authorized medical or psychological treatment. *See id.*

20. Irrespective of the aforementioned facts, on or about February 1, 2021, Defendant sent Plaintiff a debt collection letter stating therein that: "The above account has been listed with Gulf Coast Collection Bureau for collection".

21. On or about February 16, 2021, Defendant sent Plaintiff a debt collection letter stating therein that: "The above account has been listed with Gulf Coast Collection Bureau for collection".

22. The referenced health care creditor was Lee Memorial Health System. The alleged balance due arose from medical services related to Plaintiff's documented workplace injury and is a "debt" within the meaning of 15 U.S.C. § 1692a(5). *See Dunham v. Lombardo*, 830 F. Supp. 2d 1305, 1307 (S.D. Fla. 2011) (finding that so long as a complaint "demonstrate(s) the debt involves a mortgage, credit card, *medical bill*, or other consumer debt," a consumer debt is established) (emphasis in original).

23. At all times relevant herein, Defendant could have determined in a few minutes (if not seconds) that Plaintiff's injuries were the result of a covered workplace injury, as this information is readily ascertainable from both Defendant's client and/or by visiting https://www.jcc.state.fl.us/JCC/, the Office of the Judges of Compensation Claims.

24. As a result of the events described above Plaintiff was affected in a personal and individualized way by stress, anxiety, and nervousness over having to worry about a debt he knew he did not owe. Plaintiff also had to spend time and energy speaking with his attorneys over the false debt collection letter he received.

## COUNT I

**(Violation of the FDCPA at 15 U.S.C. § 1692e and 1692e(2)(A))**

25. Plaintiff fully incorporates and re-alleges paragraphs one (1) through twenty-four (24) as if fully set forth herein.

26. At all times relevant to this action Gulf Coast is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

27. 15 U.S.C § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of a debt.

28. Defendant violated 15 U.S.C § 1692e by violating Fla. Stat. § 440.13(3)(g), specifically by attempting to collect a debt from Plaintiff which, by law, he does not owe.

29. Defendant made such demand despite its knowledge of the facts surrounding Plaintiff's workplace injury and the protections afforded by Florida Law.

30. A violation of state law may, as is this circumstance, be a violation of the FDCPA. *See LeBlanc v. Unifund CR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) ("[C]ollection activities that use 'any false, deceptive, or misleading representation or means,' …under state law, will also constitute FDCPA violations.").

31. More specifically, 15 U.S.C § 1692e(2)(A) prohibits a debt collector from falsely representing of "the character, amount, or legal status of any debt." *Valle v. First Nat. Collection Bureau, Inc.*, 252 F. Supp. 3d 1332, 1339 (S.D. Fla. 2017).

32. Defendant's debt collection letter falsely represents "the character, amount, or legal status" of the alleged debt by alleging that Plaintiff is responsible for the alleged debt when, in fact, he is shielded from such liability by statute.

33. 15 U.S.C § 1692k(a) provides that a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for up to $1,000 in statutory damages, actual damages, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and requests judgment in his favor, and against Defendant for: a) Statutory damages in the amount of $1,000 dollars; b) Attorney's fees, litigation expenses and costs of suit; c) Such other or further relief as the Court deems just and proper.

## COUNT II
**(Violation of the FCCPA at Florida Statute § 559.72(7) and 559.72(9))**

34. Plaintiff fully incorporates and re-alleges paragraphs one (1) through twenty-four (24) as fully set forth herein.

35. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

36. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

37. Defendant has violated Florida Statute §559.72(9) by attempting to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows the right does not exist.

38. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and requests judgement in his favor, and against Defendant for: a) Statutory damages in the amount of $1,000 dollars; b) Punitive damages; c) Attorney's fees, litigation expenses, and costs of suit; d) Enjoinder from further violations of these parts; and e) Such other of further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Jason R. Derry*
Jason R. Derry
Florida Bar No.: 0036970
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 257-0577
jderry@ForThePeople.com
jkneeland@ForThePeople.com
eshillinglaw@ForThePeople.com
smcgee@ForThePeople.com
*Attorney for Plaintiff*